In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00203-CR
______________________________


JEREMY NARRAMORE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 13618


                                                 



Before Morriss, C.J., Ross and Carter, JJ.



O R D E R

            Jeremy Narramore has appealed his conviction for manslaughter. His notice of appeal was
filed September 12, 2005. 
            The State has now filed an Emergency Motion for Release of Exhibits that were used in the
trial of this case. The State contends it needs over 100 exhibits from Narramore's trial for use in the
trial of Narramore's alleged codefendant, Gregory Scott Narramore. (The State's motion was filed
with this Court on Thursday, September 30, 2005, and the codefendant's trial is scheduled to begin
Monday, October 10, 2005). The State's motion does not identify which exhibits are needed, nor
does the State offer any specific list or description of the requested exhibits. From the bare motion,
we cannot tell whether the requested exhibits are documentary records easily capable of reproduction
(such as photographs or paper reports), tangible items (such as bullets or firearms), or any other type
of evidentiary or demonstrative exhibits.
            In preparing the record, court reporters often make photocopies of original exhibits in lieu
of including the originals; the originals are, in turn, returned to the trial court clerk for safekeeping. 
See Tex. R. App. P. 34.6(g)(1). However, "[i]f the trial court determines that original exhibits should
be inspected by the appellate court or sent to that court in lieu of copies, the trial court must make
an order for the safekeeping, transportation, and return of those exhibits. The order must list the
exhibits and briefly describe them." Tex. R. App. P. 34.6(g)(2).
            The clerk's and reporter's records have not yet been filed in this appeal. We do not yet know
whether the trial court will order the court reporter to send us any original exhibits or permit the
reporter to send merely photocopies of those exhibits. However, in the interest of justice, we will
nonetheless authorize the trial court to release the original exhibits from trial court cause
number 13,618 (appellate cause number 06-05-00203-CR) to the State for use in connection with
the prosecution of the case of State v. Gregory Scott Narramore, conditioned and provided that:
1.The trial court will create a list of all exhibits to be released to the State. Each item
shall be assigned a specific number by the trial court, and the list shall include a detailed
description of each item (including any unique identifiers, such as serial numbers, exhibit
numbers, or other markings). 
 
2.The trial court's order releasing exhibits shall include provisions for the safekeeping,
transportation, and return of each exhibit. Accord Tex. R. App. P. 34.6(g)(2).
 
3.The trial court clerk shall prepare a supplemental clerk's record in this case; the
record shall include copies of (1) the trial court's list of exhibits and (2) the order releasing
exhibits.
 
4.The court reporter shall photocopy each exhibit to be released to the State. The
reporter shall include these photocopies in the official reporter's record submitted in
connection with the appeal in cause number 06-05-00203-CR.
 
5.The trial court shall make all efforts to ensure the exhibits released are not changed,
altered, or damaged in any way.
 
6.Immediately upon completion of the trial in State v. Gregory Scott Narramore, all
previously-released exhibits, whether admitted or not into evidence in that trial, shall be
returned by the State to the clerk of the trial court. The trial court shall verify that all
previously-released exhibits have been returned by the State. The trial court shall then certify
by written order that all previously-released exhibits have been returned in proper condition. 
If any exhibit is missing, altered, destroyed, or damaged, the trial court shall note such fact(s)
as part of the written certification. The clerk of the trial court shall send to this Court a
supplemental clerk's record that includes that certification.

If the trial court determines any exhibit is missing, altered, destroyed, or damaged, the trial court is
directed to issue any order for the purpose of locating, replacing, or restoring such exhibit, or any
sanction within its jurisdiction that the court determines to be appropriate.
            IT IS SO ORDERED.
 
 
                                                                        Jack Carter
                                                                        Justice
 
Date:   October 4, 2005